UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALBERTO AVILA OLIVERA,<br><br>    Petitioner,<br><br>vs.<br><br>JEFFREY UTTECHT and ELDON VAIL,<br><br>    Respondents. | NO. CV-10-5139-JPH<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION WITH PREJUDICE AS TIME BARRED |

    BEFORE THE COURT is Petitioner's Objections (ECF No. 7) to the Report and Recommendation to dismiss his federal habeas petition as time barred under 28 U.S.C. § 2244. Petitioner is represented by Attorney Nicholas Marchi and has paid the filing fee; Respondents have not been served. After review of the record and for the reasons set forth below, the court adopts the Report and Recommendation.

    Petitioner asserts the Magistrate Judge erred in finding: (1) Mr. Olivera's petition was time barred; and (2) there is no "actual innocence" exception to that time bar. Petitioner avers the authority cited by the Magistrate Judge to find that Petitioner is not entitled to an "actual innocence" exception to 28 U.S.C. § 2244(d)(1), *Lee v. Lampert*, 610 F.3d 1125 (9th Cir. 2010), is in apparent conflict with an earlier Supreme Court decision, *In re Davis*, 577 U.S. ----, 130 S.Ct. 1, 174 L.Ed.2d 614 (2009) (mem.). *Davis* involved a petitioner who had been sentenced to death and the Supreme Court took the extraordinary step of remanding the petition for an evidentiary hearing when seven of the

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION WITH PREJUDICE AS TIME BARRED -- 1

State's witnesses recanted their trial testimony. Petitioner does not present equally extraordinary circumstances.

Mr. Olivera was convicted of First Degree Murder in 1994 and sentenced to 300 months incarceration. On July 3, 2007, a person who was unable to identify Mr. Olivera as the shooter in 1994, signed a letter identifying another person as the shooter. The Magistrate Judge assumed this letter "reset" the running of the limitations period for Mr. Olivera under 28 U.S.C. § 2244(d)(1)(D). Accordingly, Mr. Olivera had until July 3, 2008, absent statutory or equitable tolling, to file his federal habeas petition.

The one-year statute of limitations is tolled during the period "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2). Mr. Olivera filed a Motion to Vacate Judgment and Sentence on March 28, 2008. He does not, however, account for the lapse of more than nine months of the limitations period before doing so.

Assuming the Motion was a properly filed application for review, it was pending only until December 24, 2009. Thereafter, Petitioner had less than three months left to file his federal habeas petition. A Personal Restraint Petition, filed June 20, 2010, could not have tolled an already expired limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Again, Petitioner does not account for these delays. He has failed to present extraordinary circumstances

//
//
//
//
//
//

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION WITH PREJUDICE AS TIME BARRED -- 2

to justify equitable tolling or to exempt him from the application of *Lee v. Lampert*, 610 F.3d 1125 (9th Cir. 2010).

Therefore, **IT IS ORDERED** the Report and Recommendation (ECF No. 6) is **ADOPTED** in its entirety. The Petition is **DISMISSED with prejudice** as untimely.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgment, forward copies to Petitioner's counsel and close the file. The court finds there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** this   15th   day of February, 2011.

*s/Lonny R. Suko*
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION WITH PREJUDICE AS TIME BARRED -- 3